*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 22-CO-0043 & 22-CO-0843

MARLON A. WILSON, APPELLANT,

v.

UNITED STATES OF AMERICA, APPELLEE.

Appeals from the Superior Court of the
District of Columbia Criminal Division
(2014-CF3-011881)

(Milton Lee, *Chief Judge*)

(Argued December 5, 2023                    Decided August 13, 2026)

*Thomas T. Heslep* for appellant.

*Sara B. Hanson*, Assistant United States Attorney, with whom *Matthew M. Graves*, United States Attorney at the time of briefing and *Chrisellen R. Kolb*, Assistant United States Attorney, were on the brief, for appellee.

Before BLACKBURNE-RIGSBY,[*] *Chief Judge*, and EASTERLY and MCLEESE, *Associate Judges*.

_____
[*] Former Associate Judge AliKhan was originally assigned to this case. Following her appointment to the U.S. District Court for the District of Columbia, effective December 12, 2023, Chief Judge Blackburne-Rigsby was assigned to replace her on the panel.

BLACKBURNE-RIGSBY, *Chief Judge*: The central issue on appeal in this case is one of statutory construction. Namely, we consider whether the District of Columbia sentence enhancement statute for crimes of violence, D.C. Code § 22-1804a(a)(2) and (c)(2), is applicable to a defendant with two prior convictions imposed during the same combined sentencing hearing.

In 2016, a jury found appellant Marlon Wilson guilty of first-degree theft, robbery, two counts of second-degree theft, and two counts of credit card fraud. The trial court sentenced him to 192 months, with three years of supervised release, and imposed a sentence enhancement pursuant to D.C. Code § 22-1804a(a)(2) (the "enhancement statute") because Wilson had two prior convictions for robbery and second-degree burglary. Mr. Wilson then filed pro se motions that were later supplemented by counsel to correct or reduce his sentence pursuant to Super. Ct. Crim. R. 35(a)-(b), and for a new trial based on ineffective assistance of trial counsel pursuant to D.C. Code § 23-110. After a hearing, the trial court denied Mr. Wilson's motions, and Mr. Wilson appealed. Following the trial court's rulings, Mr. Wilson again filed multiple pro se  motions requesting relief pursuant to Rules 35(a)-(b) and D.C. Code § 23-110. The trial court again denied Mr. Wilson's requested relief, and Mr. Wilson again appealed.

In this consolidated appeal, Mr. Wilson, represented by counsel, seeks reversal of the trial court's denial of relief under Rules 35(a)-(b) and D.C. Code § 23-110. He argues that the sentence enhancement imposed under D.C. Code § 22-1804a(a)(2) and (c)(2) did not apply to him because he was convicted of two prior offenses during the same sentencing proceeding on the same date, in contradiction to the enhancement statute's language requiring that the prior convictions be "on separate occasions." Additionally, he argues that his sentencing counsel was ineffective for failing to object to the sentence imposed or address the ambiguity in the enhancement statute. He also contends that if the sentencing judge had recognized his discretion given the inapplicability of the statute, he would not have imposed a fifteen-year sentence as the enhancement statute requires. Lastly, Mr. Wilson argues that due to the enhancement statute's ambiguity, the rule of lenity requires his sentence be reduced. For the reasons discussed below, we conclude that the enhancement statute was not applicable to Mr. Wilson because his convictions were part of a single plea deal, a single plea hearing, and a single sentencing proceeding. We therefore conclude that Mr. Wilson's sentence was illegal pursuant to Rule 35(a). Since we determine that his sentence was illegal, we decline to reach his claims under Section 23-110 and Rule 35(b). We therefore vacate Mr. Wilson's sentence and remand for resentencing.

## I. Factual and Procedural Background

On July 6, 2014, Mr. Wilson committed a series of theft crimes. First, Mr. Wilson stole an individual's wallet while she was at a bar. He then went to another bar and stole another individual's wallet. Mr. Wilson then used credit cards from the stolen wallets to purchase prepaid gift cards at a CVS. A jury found Mr. Wilson guilty of first-degree theft, robbery, two counts of second-degree theft, and two counts of credit card fraud.

Mr. Wilson had two prior convictions from 2007, which resulted from an August 26, 2005 robbery and a February 11, 2006 second-degree burglary. On August 26, 2005, Mr. Wilson committed the robbery. Then, a little over five months later, on February 11, 2006, he committed second-degree burglary. Both cases involved different victims, and Mr. Wilson pled guilty to both offenses on June 12, 2006. Mr. Wilson was sentenced for both cases on September 21, 2007, in a single sentencing hearing.

Based on the 2007 convictions, the government proposed a sentence based on the enhancement statute. At the sentencing hearing on July 15, 2016, Mr. Wilson's counsel did not dispute that Mr. Wilson's prior convictions subjected him to an enhanced sentence pursuant to D.C. Code § 22-1804a(a)(2). Instead, Mr. Wilson's counsel argued that the court was not mandated to impose a fifteen-year sentencing

enhancement under the voluntary sentencing guidelines. Specifically, Mr. Wilson's counsel requested that the court "impose a sentence at the lowest end of the applicable guideline range for each felony offense and [up] to 30 days for each misdemeanor offense." The government recommended that the court impose an aggregate sentence of sixteen years of incarceration, including fifteen years for the robbery charge that it argued was a mandatory minimum under the enhancement statute. *See* D.C. Code § 22-1804a(a)(2). Before pronouncing Mr. Wilson's sentence, the trial judge stated:

> It pains me that I've got to give you the amount of time that I have to give you . . . . The statute does not give me wiggle room, and that's just what the legislature said, and my obligation is to do what the law says and I've got to do it, but it is an unpleasant thought . . . and it is, it disturbs me, makes me uncomfortable to have to do this, but I have to do it, and let me just say separate from the statute, the prior record dictates it, it does, even if it wasn't the statute, if somebody came in and said they wanted to do it, they might say it's on the heavy side, but you can't say that it's unreasonable, because it's the same thing over and over and over again.

Ultimately, the trial court accepted the government's recommendation and imposed a sentence of 192 months of incarceration with three years of supervised release.[1] Mr. Wilson's counsel did not object when the court imposed its sentence.

While his direct appeal was still pending, Mr. Wilson filed a series of pro se motions in August 2016, arguing that his convictions should be vacated due to ineffective assistance of counsel pursuant to D.C. Code § 23-110. Mr. Wilson alleged, among other things, ineffective assistance of counsel due to his sentencing counsel's failure to object to the sentencing enhancement. This court issued its decision in *Marlon Wilson v. United States*, Nos. 16-CF-750 & 16-CO-616, Mem. Op. & J. (D.C. Feb. 15, 2018), where it affirmed the trial court's rulings.

The trial court appointed counsel to represent Mr. Wilson in his Section 23-110 and Rule 35 motions. Mr. Wilson's counsel filed a Motion to Correct an Illegal Sentence and for Reduction of Sentence pursuant to Super. Ct. Crim. R. 35(a) and 35(b). Counsel argued that Mr. Wilson was improperly sentenced under Section 22-1804a and that as a result the judge should have imposed a lighter sentence. Mr. Wilson's new counsel also filed a supplement to his pro se Section 23-110 motion

---

[1] The sentence amounted to a total of sixteen years incarceration—fifteen years for his robbery conviction, a consecutive one-year sentence for his first- and second-degree theft convictions, and two 100-day sentences for his credit card fraud convictions to run concurrently.

further alleging that defendant's sentencing counsel was deficient. The trial judge held a hearing on November 13, 2020, and on January 11, 2022, issued its ruling denying Mr. Wilson's Section 23-110 and Rule 35 motions. Mr. Wilson timely noticed his appeal of the trial court's January 11, 2022 order.

Later that year, Mr. Wilson, acting pro se, began another round of motions challenging his sentence. Mr. Wilson filed a Motion for Reconsideration and a Section 23-110 Motion, a Motion to Request a Hearing, a Response to Prior Crimes of Violence, and a Motion to Correct Sentence. The trial judge denied Mr. Wilson's motions in his October 17, 2022 order, reasoning that all of his claims had already been litigated and that Mr. Wilson failed to present new evidence or argument to justify how his new series of motions differed from his prior motions. Mr. Wilson timely noticed his appeal of the trial court's October 17, 2022 order. This court consolidated Mr. Wilson's appeal of the trial court's January 11, 2022 order with his appeal of the trial court's October 17, 2022 order.

## II.    Discussion

A chief concern underlying Mr. Wilson's requests for relief under Rule 35 and Section 23-110 is his contention that the trial court erroneously applied provisions (a)(2) and (c)(2) of the enhancement statute. *See* D.C. Code § 22-1804a. The relevant portions of the enhancement statute read:

(a)(2) If a person is convicted in the District of Columbia of a crime of violence as defined by § 22-4501, having previously been convicted of 2 prior crimes of violence *not committed on the same occasion*, the court, in lieu of the term of imprisonment authorized, shall impose a term of imprisonment of not less than 15 years and may impose such greater term of imprisonment as it deems necessary up to, and including, life without possibility of release.

. . .

(c)(2) A person shall be considered as having been *convicted* of 2 crimes of violence if the person has *twice before on separate occasions* been convicted of a crime of violence as defined by § 22-4501, by courts of the District of Columbia, any states, or the United States or its territories.

D.C. Code § 22-1804a (emphasis added). Specifically, Mr. Wilson contends that "the statute is not clear about whether two charges that derived from separate acts but were sentenced on the same day count as two convictions for purposes of the life papers" and that this ambiguity is evident upon the reading of the statute. In the 2018 MOJ deciding Mr. Wilson's direct appeal, a division of this court agreed that there is "some ambiguity" or "tension" between the subsections of § 22-1804a, but held that the trial court did not plainly err in interpreting the enhancement statute to authorize the enhancement in Mr. Wilson's case.[2] *Wilson*, Mem. Op. & J. at

---

[2] The division applied plain error review because Mr. Wilson's sentencing counsel failed to contemporaneously object to the sentence imposed. *Wilson*, Mem. Op. & J. at 12. The division reasoned that Mr. Wilson's argument was plausible, but

12-14. Nevertheless, we take the opportunity here to revisit this argument since Mr. Wilson, among other things, presently seeks relief under Rule 35(a) for having received an illegal sentence, and a claim that a sentence was illegal under Super. Ct. Crim. R. 35(a) can be raised at any time and is not forfeited by failure to raise it earlier. *See, e.g.*, *Brown v. United States*, 795 A.2d 56, 61-63 (D.C. 2002). We conclude, for reasons we will explain, that the sentence in this case was illegal within the meaning of R. 35(a).

Mr. Wilson argues that he received an illegal sentence because the enhancement provision does not apply to him since he was not *twice before on separate occasions convicted* of a crime of violence because he was convicted of both his 2005 robbery offense and his 2006 burglary offense on the same day during the same proceeding on September 21, 2007.[3] *See* D.C. Code § 22-1804a(c)(2). The parties do not dispute that Mr. Wilson's prior convictions occurred during his sentencing proceeding, as is typically understood in this jurisdiction. *See, e.g.*,

___

concluded that the statute did not plainly require his reading, and so his argument failed on plain error review. *Id.* at 14-15 ("[T]he unsettled interpretation of the pertinent provisions of § 22-1804a means that appellant cannot meet his burden of demonstrating that the trial court plainly erred in its interpretation.").

[3] We note that a substantially similar statutory interpretation issue was raised in *Johnson v. United States*, 343 A.3d 37 (D.C. 2025). However, the division of the court in *Johnson* declined to reach the statutory interpretation issue because the sentence at issue was within the statutory maximum (e.g., not increased beyond the statutory maximum by § 22-1804a), and thus Mr. Johnson's sentence was lawful and not reviewable. *See id.* at 42-46.

*Jenkins v. United States*, 617 A.2d 529, 532 (D.C. 1992) ("Guilty pleas prior to sentencing are not convictions in this jurisdiction . . . ."). Mr. Wilson argues that the single hearing where the court sentenced him on September 21, 2007, for both of his 2005 and 2006 offenses represents one "occasion."[4] Therefore, he contends his convictions did not satisfy the condition of (c)(2). Conversely, the government argues that the legislature intended (c)(2) to apply without regard to the timing of prior sentencing hearings. Under this reading, a defendant's sentence could not be enhanced for offenses arising from the same acts committed on the same date, but could still be enhanced for sentences entered on the same date. Thus, the government argues that the enhancement provision applied to Mr. Wilson because his 2005 and 2006 offenses were two separate convictions involving separate incidents and separate victims that occurred at separate times.

Whether Mr. Wilson's two prior convictions occurred "on separate occasions" within the meaning of D.C. Code § 22-1804a (c)(2) is a question of statutory interpretation which we review de novo. *In re Settles*, 218 A.3d 235, 238 (D.C. 2019). The parties present contradictory interpretations of Section 22-1804a(c)(2).

---

[4] The Court takes judicial notice of the fact that on September 21, 2007, Mr. Wilson was sentenced for both offenses during the same sentencing proceeding. *See* Trial Tr. 23:24-24:16, Sept. 21, 2007, Dkt. Nos. 2005-FEL-005239 & 2006-CF2-002806; *see also Bostic v. District of Columbia*, 906 A.2d 327, 332 (D.C. 2006) ("[W]e may take judicial notice of laws, statutes, and other matters of public record.").

The best way to interpret the meaning of Section 22-1804a is to parse the language of Section 22-1804a(a)(2) and (c)(2), specifically the meaning of "on separate occasions," and discuss how the two subsections interact.

### III. The Interaction Between Section 22-1804a(a)(2) and (c)(2)

First, we examine the language of Section 22-1804a(a)(2) and (c)(2) to determine how the plain language of each subsection has different requirements to impose a sentence enhancement. "The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used." *Duvall v. United States*, 676 A.2d 448, 452 (D.C. 1996) (citation modified). Therefore, "we must look first to the language of the statute and, if it is clear and unambiguous, give effect to its plain meaning." *MEPT St. Matthews, LLC v. District of Columbia*, 297 A.3d 1094, 1097 (D.C. 2023) (citation modified). "In doing so, effect must be given every word of a statute, and interpretations that operate to render a word inoperative should be avoided." *Id.* (citation modified). "Generally, we will give effect to the plain meaning of a statute when the language is unambiguous and does not produce an absurd result." *Booz Allen Hamilton Inc. v. Off. of Tax & Revenue*, 308 A.3d 1205, 1209 (D.C. 2024) (citation modified); *see also Wong v. United States*, 314 A.3d 1236, 1241 (D.C. 2024).

Section 22-1804a(a)(2) applies to a person convicted of a crime of violence who has "previously been convicted of 2 prior crimes of violence *not committed on the same occasion*." D.C. Code § 22-1804a(a)(2) (emphasis added). The term "occasion" means "[a] discrete span of time during which something happens; an episode, event, or occurrence." *Occasion*, *Black's Law Dictionary* (12th ed. 2024). Before the fifteen-year sentence enhancement in subsection (a)(2) can be applied to a defendant's sentence, their prior crimes must have been committed at different events or occurrences. Section 22-1804a(a)(2) therefore requires that the commission of the prior crimes have not occurred as part of the same event or been part of the same episode. If we consider (a)(2) in isolation, the parties do not dispute that Mr. Wilson's prior convictions satisfy this condition under the plain text. However, the parties contest the application of subsection (c)(2).

According to the plain language of subsection (c)(2), the fifteen-year enhancement is only triggered if the person has "twice before on separate occasions" been convicted of a crime of violence. D.C. Code § 22-1804a(c)(2). While subsection (a)(2) is concerned with commission of the prior crimes rather than conviction, subsection (c)(2) is concerned with the convictions for the prior crimes.

The legislative history further underscores the ordinary meaning of subsection (a)(2) and its focus on the commission of the offense. However, the legislative

history lacks clear guidance regarding the meaning of subsection (c)(2). *See Booze Allen Hamilton Inc.*, 308 A.3d at 1209 (This court "may also look to the legislative history to ensure that [its] interpretation is consistent with legislative intent."). A review of the legislative history can help "to ensure that our interpretation is consistent with legislative intent." *Browne v. United States*, 332 A.3d 512, 516 (D.C. 2025) (quoting *Yazam, Inc. v. D.C. Dep't of For-Hire Vehicles*, 310 A.3d 616, 623 (D.C. 2024)). Before arriving at the current language of D.C. Code § 22-1804a, earlier versions of the enhancement statute read in relevant part, "a person shall be considered as having been convicted of two felonies if his initial sentencing under a conviction of one felony preceded the commission of the second felony for which he was convicted." *See* District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub. L. 91-358, § 201(b), 84 Stat. 599 (1970); D.C. Code § 22-104a(a)(2) (1973).[5] If we were operating under this earlier version of the Code, there would be no question that the enhancement could not have applied to Mr. Wilson because he committed the second crime before he was sentenced in the first. *See Washington v. United States*, 343 A.2d 560, 563 (D.C. 1975) (holding that appellant's prior convictions could not satisfy the enhancement statute's definition because he was indicted for both prior convictions on the same date, so "the

---

[5] D.C. Code § 22-1804a was formerly D.C. Code § 22-104a. *See* D.C. Law 13-302, § 4h; *Sanders v. United States*, 809 A.2d 584, 599-600 (D.C. 2002).

commission of the second offense could not have been subsequent to conviction and sentence in the first").

However, the enhancement statute was amended in 1994 to include substantially similar language as the statute today: it authorized the court to impose an enhanced sentence if, under subsection (a)(2), the person has previously been convicted of two prior crimes of violence "not committed on the same occasion" and if, under subsection (c)(2), the person has "twice before on separate occasions" been convicted of a crime of violence.[6] The amendments addressed the community's perception "that the District of Columbia's criminal justice system is a failure, and that persons who commit crimes are seldom punished." D.C. Council, Report on Bill 10-478 at 2 (Apr. 27, 1994). The Council noted that the current sentencing system operated as a "revolving door, resulting in a small number of persons committing a large number of violent crimes" and that "persons convicted of 3 or more crimes of violence are routinely rereleased back into the community to prey once more on our citizens." *See id.* The purpose of the amendment was to "establish a mandatory sentence of life without parole when a person has been convicted a third time following two prior violent felony convictions" and "to provide for a permissive

---

[6] Although the statute was amended again in 1996, 1999, 2001, 2009, and 2013, these amendments did not substantively affect the language related to the subsections at issue in Mr. Wilson's case.

sentence of life without parole when a person is convicted of a crime of violence following two prior violent felony convictions." *Id.* at 3. The amendments were implemented to provide "certainty in sentences for persons convicted of violent crimes." *Id.* The Council's decision to maintain similar language to the prior "commission" language by stating in subsection (a)(2) that the prior crimes must not have been "*committed*" on the same occasion shows that it intended (a)(2) to be concerned with the timing of the commission of the crimes.

The government argues that subsection (a)(2) concerns when the offenses have been committed, while subsection (c)(2) prevents the sentence enhancement from being applied based on simultaneous convictions arising from the same case. However, the government's reading is at odds with the "basic principle of statutory interpretation that each provision of the statute should be construed so as to give effect to all of its provisions, not rendering any provision superfluous." *Animal Legal Def. Fund v. Hormel Foods Corp.*, 258 A.3d 174, 183 (D.C. 2021) (citation modified). We, therefore, must construe subsection (a)(2), "not in isolation, but together with other related provisions." *Thomas v. Dist. of Columbia Dep't of Emp. Servs.*, 547 A.2d 1034, 1037 (D.C. 1988). Under the government's interpretation of the statute, the language in subsection (c)(2) that the convictions must have occurred "on separate occasions" would be rendered totally ineffective. Such an interpretation would only prevent a sentence enhancement in the limited circumstance where two

prior convictions arise from the same case, so anyone who committed crimes on different occasions resulting in separate judgments would be eligible for the sentence enhancement—even if the convictions occurred in the same day or same sentencing hearing. Although we agree with the government that subsection (a)(2) is concerned with the timing of when the prior offenses were committed, subsection (c)(2) narrows the scope for which convictions can be the basis for the sentence enhancement. Specifically, in order to trigger the sentence enhancement, (c)(2) requires that the prior convictions have occurred "on separate occasions." Thus, the plain language of the provisions, read as a whole, indicates that a defendant's sentence cannot be enhanced unless the prior crimes were committed on different occasions and the convictions occurred on separate occasions.

### IV.   The Meaning of "On Separate Occasions" Within Section 22-1804a(c)(2)

Nevertheless, as we next discuss, a closer reading of (c)(2) confuses whether the enhancement statute applies to Mr. Wilson because the meaning of "on separate occasions" is not clearly defined in the statute. Although the language in (c)(2) is potentially ambiguous in some circumstances, however, as applied to Mr. Wilson we conclude that he was not previously sentenced "on separate occasions."

## A.  Ordinary Meaning of "On Separate Occasions"

As we have said, "[t]he first step in construing a statute is to read the language of the statute and construe its words according to their ordinary sense and plain meaning." *In re Settles*, 218 A.3d at 238 (quoting *Chase Plaza Condo. Ass'n v. JP Morgan Chase Bank, N.A.*, 98 A.3d 166, 172 (D.C. 2014)). The enhancement statute does not define the term "on separate occasions" so we "look to dictionary definitions to determine the ordinary meaning of these words." *Tippett v. Daly*, 10 A.3d 1123, 1127 (D.C. 2010) (en banc) (looking to dictionary definitions to determine the ordinary meaning of "provide"); *Flowers v. District of Columbia*, 343 A.3d 46, 52-53 (D.C. 2025) (looking to the dictionary to determine the ordinary meaning of "in public"). The dictionary defines "separate" as "individual; distinct; particular; disconnected." *Separate*, *Black's Law Dictionary* (12th ed. 2024). As stated *supra*, the term "occasion" is defined as "[a] discrete span of time during which something happens; an episode, event, or occurrence." *Occasion*, *Black's Law Dictionary* (12th ed. 2024).

Furthermore, looking to cases from other jurisdictions defining the phrase "on separate occasions" provides some guidance. For instance, in *State v. Livingston*, the New Jersey Supreme Court interpreted the term "on separate occasions" in the context of the New Jersey "Three Strikes" law to mean that prior convictions must be imposed in two or more separate and distinct proceedings held on different dates,

rather than in a single continuous proceeding. *See* 797 A.2d 153, 157-58, 161-62 (N.J. 2002). Likewise, in *Woods v. State*, the Supreme Court of Missouri held that its sentence enhancement statute requiring prior guilty pleas occur "on two separate occasions" did not apply where the two previous guilty pleas were entered on the same date, in the same court, and with the same counsel and judge. *See* 176 S.W.3d 711, 712-13 (Mo. 2005) (en banc) (per curiam). We find this out-of-jurisdiction case law persuasive authority suggesting that "on separate occasions" in Section 22-1804a(c)(2) does not permit the sentence enhancement if the defendant's prior convictions occurred in the same proceeding on the same day.

Mr. Wilson was convicted of his prior crimes on the same day at the same sentencing hearing. Mr. Wilson argues that he has not "previously been convicted of 2 prior crimes of violence" per the statutory requirement in (a)(2) because he was not "convicted of a crime of violence" "twice before on separate occasions" under (c)(2). D.C. Code § 22-1804a(a)(2), (c)(2). We agree with Mr. Wilson that his prior convictions did not occur "on separate occasions" within the ordinary meaning of Section 22-1804a(c)(2).

## B.    Legislative History Concerning Section 22-1804a(c)(2).

Additionally, the legislative history provides no reason to depart from our conclusion that prior convictions that occur on the same day in the same sentencing

proceeding do not occur "on separate occasions" within the ordinary meaning interpretation of Section 22-1804a(c)(2). The legislative history only points to the broad intent of the legislature in enacting what is now D.C. Code § 22-1804a, but seems to lack clear guidance to the intent behind subsection (c)(2). When D.C. Code § 22-1804a was amended in 1994, the Council rejected a proposed amendment by the Mayor to maintain some of the language of the existing law, particularly, the language defining a person convicted of two crimes "if his initial sentencing under a conviction of one such violent crime preceded the commission of the second violent crime for which he was convicted." D.C. Council, Report on Bill 10-478, Attachment 6 at 2-3. There is no further discussion of why the Council rejected the Mayor's recommendation, nor is there any discussion of why the Council chose to use the language "on separate occasions." However, the Council stated that the 1994 amendment "maintains the current policy of allowing the Court to sentence persons convicted of three or more felonies to a greater term of imprisonment. . . ." *Id.* at 3.

Although we must assume that the Council had a reason for its deliberate removal of the language from the 1973 version of the statute requiring the conviction of the first offense precede the commission of the second offense, we are unsure of the Council's rationale. *See e.g.*, *Doe v. United States*, 333 A.3d 893, 908 (D.C. 2025) ("When [the legislature] acts to amend a statute, we presume it intends its amendment to have real and substantial effect.") (quoting *Stone v. Immigr. &*

*Naturalization Serv.*, 514 U.S. 386, 397 (1995) (alteration in original). Therefore, while a review of the applicable legislative history lacks firm guidance for the meaning of "on separate occasions" in Section 22-1804a(c)(2), the legislative history does not undermine our ordinary reading of the statutory language.

Based on the plain language, it is more plausible that the Council intended "on separate occasions" in subsection (c)(2) to mean that the prior convictions did not occur in the same proceedings on the same day in order for the prior convictions to make a defendant eligible for a sentence enhancement. While we do not define the meaning of "on separate occasions" in all circumstances, today we hold that the plain language of Section 22-1804a(c)(2) does not include prior convictions that occurred on the same day during the same proceeding. Therefore, Section 22-1804a(c)(2) was not applicable to Mr. Wilson and he did not qualify to receive a sentence enhancement under Section 22-1804a.

## V.     Mr. Wilson's Rule 35(a) Motion

Having concluded that Mr. Wilson's prior convictions cannot be the basis for applying the enhancement statute, we now turn to his Rule 35(a) motion. Rule 35(a) allows the court to "correct an illegal sentence at any time." Super. Ct. Crim. R. 35(a). We consider a sentence to be illegal if "the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory

maximum provided." *E.g.*, *Littlejohn v. United States*, 749 A.2d 1253, 1256 (D.C. 2000) (citation modified). Mr. Wilson argues that because he was convicted and sentenced for his 2005 robbery and 2006 burglary convictions on the same date, he was not convicted of two crimes of violence "on separate occasions," and therefore the enhancement statute does not apply and he should not have received the mandatory minimum sentence under Section 22-1804a(a)(2). We conclude that Mr. Wilson's fifteen-year sentence imposed pursuant to the enhancement provision of Section 22-1804a was illegal.

Mr. Wilson's sentence is illegal because the enhancement statute should not have applied to him. His 2005 robbery conviction and his 2006 burglary conviction were used as the basis to apply Section 22-1804a(a)(2) and enhance his sentence by imposing a fifteen-year sentence. Without the Section 22-1804a enhancement, the maximum term of imprisonment he could have received would have been thirteen years. See D.C. Code § 22-2801 ("[A]ny person convicted thereof shall suffer imprisonment for not less than 2 years nor more than 15 years"); *see also* D.C. Code § 24-403.01(b)(7)(C), (b-1) (requiring that the maximum sentence be reduced by two years). Accordingly, we vacate Mr. Wilson's sentence and remand for resentencing in accordance with this holding.

## VI.    Mr. Wilsons Rule 35(b) and Section 23-110 Claims

Mr. Wilson also advanced claims under Rule 35(b) and Section 23-110. As to his Rule 35(b), which is essentially a "plea for leniency," *McBride v. United States*, 255 A.3d 1022, 1025 (D.C. 2021), he argues that the trial judge indicated that he understood the sentence to be a mandatory minimum but without the enhancement a shorter sentence could have been imposed. Similarly, under Mr. Wilson's Section 23-110 claims, he argues that his sentencing counsel's performance fell below that which is constitutionally required by failing to object to his sentence or argue that the enhancement statute did not apply to him since his convictions occurred on the same day. It is unclear whether these arguments are properly before the court now because Mr. Wilson failed to raise both his Rule 35(b) and ineffectiveness of counsel claims during the pendency of his direct appeal. Nevertheless, given that we have determined that Mr. Wilson is entitled to relief pursuant to Rule 35(a), because his sentence was illegal in light of Section 22-1804a(c)(2)'s inapplicability, there is no need to grant him relief under his remaining claims whereby he also seeks resentencing.

## VII.   Conclusion

For these reasons, we hold that the plain meaning of "twice before on separate occasions" in Section 22-1804a(c)(2) does not permit the sentence enhancement to be applied to persons, such as Mr. Wilson, whose prior convictions occurred during

the same proceeding on the same day. Therefore, we conclude that Mr. Wilson received an illegal sentence, and he is entitled to relief pursuant to Rule 35(a). Accordingly, we vacate the sentence imposed by the trial court and remand for resentencing in accordance with this holding.

*So ordered.*